UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LATREESA SMITH,**

    **Plaintiff,**

v.                                                          Case No. 8:22-cv-981-AAS

**KILOLO KIJAKAZI, Acting Commissioner,**
**Social Security Administration,**

    **Defendant.**
_____/

## **ORDER**

Latreesa Smith requests judicial review of a decision by the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including the transcript of the proceedings before the Administrative Law Judge (ALJ), the administrative record, the pleadings, and the memoranda submitted by the parties, the Commissioner's decision is **REMANDED** for further consideration.

**I.    PROCEDURAL HISTORY**

Ms. Smith applied for DIB on April 18, 2019, and alleged disability beginning on December 1, 2017. (Tr. 14, 257–260). Disability examiners denied Ms. Smith's applications initially and after reconsideration. (Tr. 65, 86). At Ms. Smith's request, the ALJ held a hearing on July 13, 2021. (Tr. 11–48). The ALJ

1

issued an unfavorable decision to Ms. Smith on October 22, 2021. (Tr. 88–113).

On March 10, 2022, the Appeals Council denied Ms. Smith's request for review, making the ALJ's decision final. (Tr. 2–7). Ms. Smith requests judicial review of the Commissioner's final decision. (Doc. 1).

## II. NATURE OF DISABILITY CLAIM

### A. Background

Ms. Smith was forty-two years old on her alleged onset date of December 1, 2017 and forty-three years old the date she applied for DIB on April 18, 2019. (Tr. 14, 257). Ms. Smith has at least a high school education and has past relevant work as a personnel manager, field crew member in the U.S. Army, and ticket agent/baggage checker. (Tr. 109–110).

### B. Summary of the Decision

The ALJ must follow five steps when evaluating a claim for disability.[1] 20 C.F.R. § 404.1520(a). First, if a claimant is engaged in substantial gainful activity,[2] she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant has no impairment or combination of impairments that significantly limit her physical or mental ability to perform basic work activities, she has no severe

---

[1] If the ALJ determines the claimant is disabled at any step of the sequential analysis, the analysis ends. 20 C.F.R. § 404.1520(a)(4).

[2] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R. § 404.1572.

2

impairment and is not disabled. 20 C.F.R. § 404.1520(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, she is not disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC).[3] *Id*. Fifth, if a claimant's impairments (considering her RFC, age, education, and past work) do not prevent her from performing work that exists in the national economy, she is not disabled. 20 C.F.R. § 404.1520(g).

The ALJ determined Ms. Smith did engage in substantial gainful activity since December 1, 2017 but went through a 12 month period where Ms. Smith did not engage in substantial gainful activity as of December 4, 2019.[4] (Tr. 94–96). The ALJ found Ms. Smith had these severe impairments: degenerative joint disease of the right foot, first metatarsophalangeal

---

[3] A claimant's RFC is the level of physical and mental work she can consistently perform despite her limitations. 20 C.F.R. § 404.1545(a)(1).

[4] The ALJ noted that official earning statements since the time of the alleged onset date of disability showed some periods of time where Ms. Smith's work was the product of substantial gainful activity. However, the ALJ moved ahead to step three because "the ultimate issue of disability would apply even if the claimant's earnings record since the alleged onset date of December 1, 2017 was devoid of any substantial gainful activity." (Tr. 94–97).

cheilectomy; metatarsal implant and removal; left hallux rigidus dorsal first metatarsal exostectomy; opioid dependence; fibromyalgia; depressive disorder; posttraumatic stress disorder (PTSD); anxiety; and alcohol use disorder in remission. (Tr. 97–98). But the ALJ found none of Ms. Smith's impairments or any combination of her impairments met or medically equaled the severity of an impairment in the Listings. (Tr. 98).

The ALJ found Ms. Smith had the RFC to perform light work[5] with the following limitations:

> [Ms. Smith can] lift and carry 20 pounds occasionally and 10 pounds frequently; sit 6 hours in an 8 hour day; stand and walk 4 hours in an 8 hour day; use a cane for balance and/or prolonged walking which does not limit upper extremity manipulation; occasionally climb ramps and stairs; occasionally stoop, kneel, crouch, and crawl; frequently balance; no ladders, ropes, or scaffolds; avoid vibration; no more than occasional exposure to fumes, dust, and odors; avoid hazards; and no unprotected heights or dangerous machinery. [Ms. Smith] can do no more than simple tasks involving occasional brief and superficial interaction with supervisors and co-workers; and occasional interaction with the public.

(Tr. 102).

---

[5] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

4

Based on these findings and the testimony of a vocational expert (VE), the ALJ determined Ms. Smith could not perform her past relevant work. (Tr. 109). The ALJ then determined Ms. Smith could perform other jobs existing in significant numbers in the national economy, specifically as a photocopy machine clerk, mail clerk, and marker. (Tr. 112). As a result, the ALJ found Ms. Smith not disabled from December 1, 2017, through the date of the ALJ's decision, October 22, 2021. (Tr. 113).

## III. ANALYSIS

### A. Standard of Review

Review of the ALJ's decision is limited to reviewing whether the ALJ applied correct legal standards and whether substantial evidence supports her findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted). The Supreme Court recently explained, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

A reviewing court must affirm a decision supported by substantial

5

evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Id.* at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating that the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

### B. Issues on Appeal

Ms. Smith raises three issues on appeal. Ms. Smith first argues the ALJ did not properly consider the persuasiveness of the medical opinions of Henry Weinstock, M.D., Maria Acenas, M.D., Azmeena Hashem, D.N.P., and Rita Clark, M.D. (Doc 28, pp. 11–17). Ms. Smith next argues the ALJ improperly evaluated Ms. Smith's own testimony and the testimony of the lay witness, Ms. Smith's husband. (*Id.* at pp. 17–20). Ms. Smith lastly argues the ALJ's step-five finding is not supported by substantial evidence. (*Id.* at pp. 20–22).

### 1. Whether the ALJ Improperly Addressed the Medical Opinions

For applications for benefits filed after March 27, 2017, revised regulations govern the evaluation of medical opinions. Ms. Smith filed her application for benefits on April 18, 2019. (Tr. 14, 257–260). Under revised

6

SSA regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [claimant's own] medical sources." 20 C.F.R. § 404.1520c(a). Instead, the ALJ must evaluate each medical opinion with consideration of the following five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. § 404.1520c(c). The ALJ is specifically required to consider the factors of supportability and consistency for each medical opinion. 20 C.F.R. § 404.1520c(b)(2). "[S]upportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record." *Cook v. Comm'r of Soc. Sec.*, 6:20-cv-1197-RBD-DCI, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021), *report and recommendation adopted*, 6:20-cv-1197-RBD-DCI, 2021 WL 1565162 (M.D. Fla. Apr. 21, 2021).

Ms. Smith argues the ALJ erred in failing "to provide a coherent rationale supported by substantial evidence for rejecting the opinions of [Dr. Weinstock, Dr. Acenas, Dr. Clark, and Nurse Practitioner Hashem.]" (Doc. 28, pp. 16–17). Ms. Smith is correct that the ALJ failed to adequately adjudge the

7

supportability and consistency of these medical opinions.

Dr. Weinstock opined that Ms. Smith had limiting back pain, hypertension, gout, pain in the feet, PTSD, sleep apnea, and bilateral shoulder arthritis. (Tr. 3364). Dr. Weinstock noted these impairments would require Ms. Smith to use a cane, allow her to sit for 20 minutes at one time and stand for 15 minutes at one time, and would necessitate unscheduled breaks and missing days of work. (Tr. 3364–3365). The ALJ concluded Dr. Weinstock's evaluation was not persuasive, because "it is inconsistent with the record, which does not contain contemporaneous medical records either by this provider or others, which support the degree of limitation opined." (Tr. 97).

The Commissioner argues the ALJ "properly applied the Commissioner's regulations to explain why she determined Dr. Weinstock's opinion was unpersuasive." (Doc. 29, p. 17). However, the ALJ's opinion dismisses Dr. Weinstock's opinion that Ms. Smith's back pain would cause severe limitations at work as inconsistent with the record without addressing the supportability and consistency factors. (Tr. 97–98). The ALJ dismisses Dr. Weinstock's opinion because it is "[not] consistent with his own treating notes, nor is it supported by the other medical or non medical evidence." (Tr. 107). Specifically, the ALJ concluded Dr. Weinstock's opined standing and walking limitations were not consistent with Ms. Smith's activities of daily living. (Tr. 107). The ALJ comes to this conclusion without an explanation as to where in

8

the record it shows Ms. Smith's daily activities overshadowing Dr. Weinstock's opined limitations. This is improper. *See Michael v. Saul*, No. 2:20-cv-238, 2021 WL 1811736, at *11 (N.D. Ind. May 6, 2021) ('[T]he ALJ cannot merely summarize the evidence, as a whole, and then conclude that [a doctor's] opinions are not consistent with the evidence as a whole").

Similar issues exist in the ALJ's assessment of the medical opinions of Dr. Acenas, Dr. Clark, and Nurse Practitioner Hashem. Dr. Acenas found Ms. Smith had moderate limitations in ability to relate to others, concentration, pace, persistence, ability to tolerate stress, and managing changes in a routine work situation. (Tr. 1917–1918). The ALJ found Dr. Acenas' opinion on Ms. Smith's ability to relate to others persuasive but found all other opined moderate limitations unpersuasive. (Tr. 108). While testifying as a medical expert during the hearing, Dr. Clark explained the record indicated the records were consistent with a diagnosis of PTSD for Ms. Smith. (Tr. 15). Dr. Clark further offered testimony explaining Ms. Smith's symptoms stemming from PTSD of hypervigalence, flashbacks, intrusive thoughts, and nightmares. (Tr. 15). The ALJ found Dr. Clark's opinion was "neither consistent with the record nor supportable upon review of the longitudinal psychiatric treatment notes in the file." (Tr. 101). Nurse Practitioner Hashem noted Ms. Smith had multiple extreme limitations, and those limitations would force her to be absent from work at least four days per month. (Tr. 3377–3380). The ALJ found this opinion

9

unpersuasive, noting "Hashem is a doctor of nursing practice" and "the rating of marked to extreme limitation is not consistent with the claimant's level of activity and communicative abilities." (Tr. 109).

The ALJ dismisses the medical opinions of Dr. Weinstock, Dr. Acenas, Dr. Clark, and Nurse Practitioner Hashem claiming inconsistency with the record without explaining further. *See Pierson v. Comm'r of Soc. Sec.*, No. 6:19-cv-1515-RBD-DCI, 2020 WL 1957597, at *4 (M.D. Fla. Apr. 8, 2020), *report and recommendation adopted*, 2020 WL 1955341 (M.D. Fla. Apr. 23, 2020) ("[C]onclusory statements by the ALJ that an examining physician's opinion is inconsistent with the medical record 'are insufficient to show an ALJ's decision is supported by substantial evidence unless the ALJ articulates factual support for such a conclusion.' Otherwise, the Court is left to guess at which particular records the ALJ asserts support the ALJ's decision and, in doing so, impermissibly reweigh the evidence.") (quoting *Bell v. Colvin*, No. 3:15-cv-743-GMB, 2016 WL 6609187, at *4 (M.D. Ala. Nov. 7, 2016)). Thus, "the Court is frustrated in reviewing whether the ALJ's consideration of this opinion was proper." *Tookes v. Comm'r of Soc. Sec.*, No. 6:21-cv-1159-DCI, 2022 WL 1665447, at *2 (M.D. Fla. May 25, 2022). Since the ALJ failed to adequately discuss the supportability and consistency of the medical opinions, this court cannot conclude the ALJ's "lack of explicit consideration" constitutes harmless error. *Id. See also Moore v. Barnhart*, 405 F.3d 1208, 1214 (11th Cir. 2005)

10

("Because the ALJ's decision lacks consideration of these factors and their impact on her ultimate conclusion as to [the] RFC, we cannot even evaluate the Commissioner's contention that the ALJ's error was harmless").

The ALJ's failure to apply the Section 404.1520c(c) factors to Dr. Weinstock's, Dr. Acenas's, Dr. Clark's, and Nurse Practitioner Hashem's medical opinions warrants remand. *See Walker v. Soc. Sec. Admin., Comm'r*, 21-12732, 2022 WL 1022730, at *2 (11th Cir. Apr. 5, 2022) ("Supportability and consistency are the most important factors and must be explained"). On remand, the ALJ should ensure her consideration of the persuasiveness of each medical opinion includes an application and explanation of the Section 404.1520c(c) factors, focusing on the supportability and consistency factors.

### 2. Remaining Issues

Because remand is appropriate on the issue of whether the ALJ erred in her consideration of Dr. Weinstock's, Dr. Acenas's, Dr. Clark's, and Nurse Practitioner Hashem's medical opinions, the court declines to address Ms. Smith's other arguments against the ALJ's evaluation of Ms. Smith's and the lay witness' testimony and the ALJ's step-five determination.

### IV. CONCLUSION

For the reasons stated, the Commissioner's decision is **REMANDED**, and the Clerk is directed to enter judgment in favor of the plaintiff.

11

**ORDERED** in Tampa, Florida on April 25, 2023.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge