**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**LATRESSA SMITH,**

     **Plaintiff,**

**v.**                          **Case No. 8:22-cv-981-AAS**

**FRANK BISIGNANO,**[1]
**Commissioner of Social Security,**

     **Defendant.**
_____/

## ORDER

Plaintiff Latressa Smith's counsel moves for an award of attorney's fees under 42 U.S.C. § 406(b) in the amount of $37,456.63. (Doc. 35). The Commissioner responded and stated that it does not oppose the attorney's fees request but that the fees are the property of Ms. Smith, and the Commissioner acts as a "trustee" of those funds.[2] (Doc. 35-1, p. 12).

Ms. Smith applied for social security disability benefits, which was

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted for Leland Dudek as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] When the Commissioner does not object to the amount of attorney's fees requested under 406(b), the court should award the requested fees. *See Terry v. Astrue*, 753 F. Supp. 2d 1229 (M.D. Fla. 2010) (awarding attorney's fees under Section 406(b) when the Commissioner failed to argue the requested fees were unreasonable).

denied initially and on reconsideration. (Tr. 65, 86). Ms. Smith then requested a hearing before an Administrative Law Judge (ALJ), who found Ms. Smith not disabled. (Tr. 88–113). The Appeals Council denied Ms. Smith's request for review of the ALJ's decision. (Tr. 2–7). Ms. Smith then filed a complaint in this court. (Doc. 1). The court remanded the ALJ's decision for further consideration, and the Clerk entered judgment for Ms. Smith. (Docs. 31, 32). The Commissioner found Ms. Smith disabled on remand.

Under Section 406(b), when a court enters judgment favorable to a Social Security claimant represented by counsel, the court may award attorney's fees not to exceed 25% of the claimant's total past-due benefits. 42 U.S.C. § 406(b)(1)(A). The Social Security Administration awarded Ms. Smith past-due benefits of $149,826.50 and withheld $37,456.63 to pay her attorney's fees. (Doc. 35-2, 3, & 4). Ms. Smith's counsel now requests this amount minus the attorney's fees already awarded under the Equal Access to Justice Act (EAJA). (Doc. 35).

The court awarded Ms. Smith's counsel $5,866.50 in attorney's fees under the EAJA. (Doc. 34). When an attorney receives attorney's fees under the EAJA and Section 406(b), the attorney must refund the smaller fee. *Black v. Culbertson*, 470 F. App'x 737, 739 (11th Cir. 2012). Ms. Smith's counsel must refund any attorney's fees awarded under the EAJA.

Thus, it is **ORDERED** that the Motion for Attorney's Fees Under 42

U.S.C. § 406(b) (Doc. 35) is **GRANTED**. Ms. Smith's counsel is awarded **$37,456.63** in attorney's fees and must refund to Ms. Smith the $5,866.50 in attorney's fees received under the EAJA.

**ENTERED** in Tampa, Florida, on May 12, 2025.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

3